United States District Court
Southern District of Texas
**ENTERED**
January 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE A. JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03268 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Andre A. Jones's petition for a writ of habeas corpus and Respondent Bobby Lumpkin's Motion for Summary Judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Jones's petition should be dismissed.

**I.  Background**

Jones is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He challenges his conviction and sentence for aggravated sexual assault, and the loss of good time credit resulting from a disciplinary hearing.

Jones was convicted of aggravated sexual assault in the 182nd District Court of Harris County, Texas. On August 7, 2003, that court sentenced him to a 45-year term of imprisonment.

On January 27, 2005, Texas's First Court of Appeals affirmed Jones's conviction. *Jones v. State*, No.01-03-00828-CR, 2005 WL 174484 (Tex. App.-Houston] [1st Dist.]  2005, no pet.). Jones did not file a petition for discretionary review. Motion for Summary Judgment (Doc. # 12), Exh. A.

On December 1, 2005, Jones attempted to file his first state habeas corpus application, but the Texas Court of Criminal Appeals ("TCCA") denied his motion for leave to file. SH-03 (Doc. # 14-3) at 7. Jones filed another state writ on February 3, 2011, which was also denied. SH-07 (Doc. # 14-7) at 8. Jones filed several additional state writ applications between 2017 and 2022.

On May 12, 2021, Jones was charged with a major disciplinary offense for refusing to accept a housing assignment. Jones states that a hearing was held on May 19, 2021, and he was found guilty. He states that he lost 60 days of good time credit and suffered a reduction in line status. Petition (Doc, # 1) at 5.

Jones filed two previous federal habeas petitions. The first one challenged the same conviction and disciplinary proceeding as the instant petition, along with a state jail felony conviction. It was dismissed without prejudice on November 18, 2022. *Jones v. Lumpkin*, No. H-22-cv3132. On September 19, 2022, while the first petition was pending, Jones filed a second petition challenging the same two convictions, along with a different disciplinary proceeding. This petition was dismissed on November 18, 2022. *Jones v. Lumpkin*, No. H-22-cv-3270. Jones filed the instant petition on September 19, 2022. Petition (Doc. # 1) at 10.

On May 26, 2023, the respondent filed a motion for summary judgment. He filed the state court records in support of that motion on June 22, 2023. Jones did not respond to the motion. For the following reasons, the respondent's motion for summary judgment is granted, and the petition for a writ of habeas corpus is denied and is dismissed with prejudice.

II.  **Analysis**

Jones challenges his conviction for aggravated sexual assault and the result of his disciplinary hearing for refusing a housing assignment. The respondent argues that the claims

pertaining to the conviction are time-barred, and that Jones is not entitled to relief on his disciplinary hearing claims.

A. **The Anti-Terrorism and Effective Death Penalty Act**

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc). The solitary inquiry for a federal court under the 'unreasonable application' prong

becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

### B.    **The Summary Judgment Standard**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where, however, a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear

and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### C. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, the statute of limitations began to run no later than February 26, 2005, the date on which Jones's parole time to file a petition for discretionary review expired, giving Jones until February 26, 2006 to file his federal petition absent tolling.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." 28 U.S.C. § 2244(d)(2). The respondent argues that Jones's first state habeas application, filed on December 1, 2005, was not "properly filed" because the TCCA denied Jones's motion for leave to file without written order on June 14, 2006. SH-03 at 7. This Court need not determine whether Jones's first state habeas application was properly filed, however, because, even if it was, it would only have extended the limitations period by the 195 days it was pending -- until September 9 2006 – and Jones did not file his next state writ until February 3, 2011, more than 4 years after the limitations period expired. There was thus nothing left for the

second application to toll, and this federal petition, filed on September 19, 2022, is more than 16 years late.  The petition is therefore time barred with regard to Jones's conviction.

D.     **Disciplinary Case**

As a result of the disciplinary case, Jones suffered a reduction in line class, which affects his ability to earn good time credit, and forfeited 60 days of previously earned good time credit. Neither of these implicates Jones's constitutional rights.

The effect of good time credits that Jones might have received from a more favorable line status is too speculative to implicate his due process rights.  "[T]he timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . . . *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).  Any claim regarding Jones's line class assignment is therefor without merit.

Good time credit is relevant to a prisoner's release to mandatory supervision.  "'Mandatory supervision' means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(5).  A prisoner who is eligible for mandatory supervision must be released "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a).  The respondent notes that Jones is not eligible for mandatory supervision under TEX. GOV'T CODE ANN. § 508.149(a), which makes prisoners convicted of aggravated sexual assault ineligible for mandatory supervision.  Because Jones is ineligible for mandatory supervision, restoration of his good time credit will have no effect on his release date, and habeas corpus relief is unavailable.

### III. Certificate of Appealability

Jones has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred with regard to his challenge to his conviction, and that he is not entitled to relief on his challenge to the results of the disciplinary hearing. Therefore, Jones has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, Respondent Bobby Lumpkin's Motion for Summary Judgment (Doc. # 12) is GRANTED, and Andre A. Jones's's Petition for Writ Of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on January 29, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge